UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

                              Plaintiffs,

                 v.

DOMINIC EMEKA ONYEMA, M.D.,
DEO MEDICAL SERVICES, P.C., and
HEALTHWISE MEDICAL ASSOCIATES, P.C.

                         Defendants.
------------------------------------------------------------------X

**AMENDED REPORT AND**
**RECOMMENDATION**

24-CV-5287
(Chen, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiffs Government Employees Insurance Company ("GEICO"), GEICO Indemnity

Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively,

"Plaintiffs") filed this breach of contract action against Defendants Dominic Emeka Onyema,

M.D., DEO Medical Services, P.C. ("DEO"), and Healthwise Medical Associates, P.C.

("Healthwise") (collectively, "Defendants") on July 29, 2024.  *See generally* Dkt. No. 1.  Plaintiffs

seek entry of judgment in the amount of $456,666.65 against Defendants, jointly and severally,

based on Defendants' purported breach of an April 27, 2023 settlement agreement.  *Id.* at ¶ 1.

      Currently pending before this Court, on referral from the Honorable Pamela K. Chen,

United States District Judge, is Plaintiffs' Motion for Default Judgment pursuant to Fed R. Civ. P.

55(b)(2).  *See generally* Dkt. No. 25; *see also* Referral Order dated November 20, 2024.  For the

reasons set forth below, the undersigned respectfully recommends that Plaintiffs' motion be

**GRANTED.**[1]

---

[1] This Amended Report and Recommendation *sua sponte* amends and supersedes the prior Report and
Recommendation entered on May 29, 205 (Dkt. No. 28).  Although no objections were made to the May

I.    **Background**

A.    **Factual Background**

On October 13, 2021, Plaintiffs commenced a lawsuit against Defendants in this district for "fraudulent no-fault insurance charges relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services[.]"  Dkt. No. 1 at ¶¶ 10-11; *see also Government Employees Insurance Company, et al. v. Onyema, et al.*, No. 21-CV-5717 (FB) (VMS) (E.D.N.Y. 2021), Dkt. No. 1 (the "Prior Action").  On April 27, 2023, the parties entered into a settlement agreement (the "Settlement Agreement") to resolve the claims in the Prior Action.  Dkt. No. 1 at ¶ 12.

Specifically, Defendants agreed to jointly and severally pay Plaintiffs "the sum of $325,000.00," divided into a series of payments as delineated in Section 2 of the Settlement Agreement.  *See* Dkt. No. 1 at ¶ 12; Dkt. No. 1-3 at 4.[2]  Subsection 2.A.i of the Settlement Agreement provided for an initial payment, in that "Defendants shall pay, jointly and severally, to [Plaintiffs] $125,000.00 in the form of a certified check or attorney's escrow check . . . (the 'Initial Payment')."  Dkt. No. 1-3 at 4.  Under Subsection 2.A.ii, Defendants agreed to pay, jointly and severally, Plaintiffs "$200,000 in eighteen (18) installments (the 'Installment Payments'), each

---

29, 2025 Report and Recommendation, the Court *sua sponte* amends that Report and Recommendation to address certain typographical errors.  *See CIT Bank, N.A. v. Williams*, No. 17-CV-2135 (DRH) (AKT), 2018 WL 2945612, at *1 (E.D.N.Y. May 24, 2018) ("Subsequent to the issuance of the Report and Recommendation, the Court became aware of several discrepancies in the calculations set forth in that document. The Court addresses these items below and the Report and Recommendation is amended to the limited extent set forth here."), *report and recommendation adopted*, 2018 WL 2943663 (E.D.N.Y. June 12, 2018).  "Such an amendment is permitted pursuant to Federal Rule of Civil Procedure 60(a), which allows the Court to, by motion or on its own, 'correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.'"  *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19-CV-3363 (ALC) (VF), 2022 WL 18276016, at *1 (S.D.N.Y. Sept. 16, 2022) (citing Fed. R. Civ P. 60(a)), *report and recommendation adopted*, 2023 WL 171401 (S.D.N.Y. Jan. 12, 2023).  No substantive changes have been made to the May 29, 2025 Report and Recommendation.

[2]  Page citations are to the ECF-stamped page numbers.

installment paid in the form of a certified check or attorney's escrow check," beginning in May of 2023 and ending in October of 2024.  *Id.* at 4-5

Under Section 2.B of the Settlement Agreement, if Defendants failed to make any of the payments in the installment plan under Subsection 2.A.ii, then Plaintiffs agreed to advise Defendants of the default in writing.  *Id.* at 5.  In the event that Defendants failed to cure the default within ten business days of receiving the notice (defined as the "Payment Default"), the parties agreed that Plaintiffs "shall be entitled to immediately enter a judgment against the Defendants, for which they will be jointly and severally liable, in the amount of $500,000.00, less any amounts paid through the date of the Payment Default."  *Id.*  ("This sum shall be deemed liquidated damages for the Defendants' conduct as alleged in the Complaint in the Federal Action and is not  penalty. Interest on the default judgment shall accrue at the highest rate allowable by applicable law until fully paid.").  The provision further provided that "[i]nterest on the default judgment shall accrue at the highest rate allowable by applicable law until fully paid," and further that Plaintiffs "shall be entitled to reimbursement of all reasonable attorneys' fees, costs and disbursements that [Plaintiffs] incur[] in connection with any collection activities with respect to the Installment Payments."  *Id.*

Additionally, Section C of the Settlement Agreement required Defendants to execute affidavits of confession of judgment, to be held by Plaintiffs in escrow until all Installment Payments were satisfied as set forth in Section 2.A.ii.  *Id.* at 6.  Those affidavits, each signed by Defendants, stipulated to the same terms as described in the Settlement Agreement in the event of Payment Default, including that Defendants would confess judgment "for the sum of $500,000.00 less all the amounts paid pursuant to [Section 2.A.ii] of the [Settlement Agreement] through the date of default."   Dkt. No. 25-3 at 3; Dkt. No. 25-4 at 3.

3

Plaintiffs allege that Defendants made the initial $125,000 payment and the installments in June 2023 and August of 2023, which totaled $43,333.35.  Dkt. No. 1 at ¶ 3, 14.  Defendants, however, failed to make any additional payments thereafter.  *Id.* at ¶ 3.  On February 21, 2024, Plaintiffs "delivered to Defendants written notice of their default in the manner and form required by [the Settlement Agreement] and demanded that the default be cured per the agreement."  *Id.* at ¶ 15.  The Complaint continues that despite being afforded written notice, Defendants "failed to cure their default" within the ten business-day timeframe provided by the Settlement Agreement or at any point thereafter.  *Id.* at ¶¶ 3, 15.

**B.    Procedural History**

Plaintiffs filed the instant Complaint on July 29, 2024.  Dkt. No. 1.  Crediting Defendants' two payment installments in June and August of 2023, totaling to $43,333.35, Plaintiffs claim entitlement in the "amount of $456,666.65, plus interests, costs, expenses, and reasonable legal fees incurred by Plaintiffs in the prosecution of this action" as a result of Defendants' alleged breach of contract.  *Id.* at ¶ 19.

On July 30, 2024, the Clerk of the Court issued summonses to Defendants (Dkt. No. 4), and the undersigned scheduled an initial conference for September 26, 2024.  Dkt. No. 8.  On September 9, 2024, the Plaintiffs filed the summons returned executed, indicating personal service on Defendant Onyema on August 23, 2024 at 228 Bushwick Ave, Brooklyn, New York 11206, and  service upon the Secretary of State for Defendants DEO and Healthwise.  Dkt. Nos. 10-12.  After Defendants failed to submit any response or file an appearance, on September 18, 2024,

4

Plaintiffs filed requests for Certificates of Default for each Defendant to the Clerk of the Court. Dkt. Nos. 13-15.[3]

Having received no response to the prior requests, on September 24, 2024, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court entered certificates of default for each of the Defendants. Dkt. Nos. 20-22. Judge Chen subsequently ordered Plaintiffs to move for default. *See* Scheduling Order dated Sept. 25, 2024.

On November 19, 2024, Plaintiffs filed the instant motion for default judgment. Dkt. No. 25. Plaintiffs seek entry of default judgment in the amount of $456,666.65 plus pre-judgment and post-judgment interest. Dkt. No. 25-8 (containing proposed judgment); Dkt. No. 25-10. Plaintiffs further request that the Court impose joint and several liability against Defendants, as contracted to by the parties in the Settlement Agreement. Dkt. No. 25-10 at 14.

On November 20, 2024, Judge Chen referred Plaintiffs' motion to the undersigned. Referral Order dated Nov. 20, 2024.

On May 29, 2025, the undersigned ordered Plaintiffs to clarify the proposed date of calculation for pre-judgment interest, should the motion be granted. Text Order dated May 29, 2025. On the same date, Plaintiffs filed a letter providing such clarification. *See* Dkt. No. 27.

## II.    **Standard for Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). At the first step, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

---

[3] It appears that Plaintiffs discovered an additional address for Defendant Onyema, located at 401 East 34th Street, Apt. S34C in New York, New York 10016, where Plaintiffs additionally served the requests for certificates of default and the motion for default judgment. Dkt. Nos. 17, 26.

defend." Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) ("[W]hen a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a))). "If a claim is for 'a sum certain or a sum that can be made certain by computation,' the clerk can enter judgment." *Esquivel*, 2023 WL 6338666, at *3 (citing Fed. R. Civ. P. 55(b)(1)). At the second step, and "[i]n all other cases, the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The Second Circuit "generally disfavor[s]" default judgment and has repeatedly expressed a "preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Nevertheless, in evaluating a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974). The plaintiff bears the burden of alleging "specific facts," rather than "mere labels and conclusions" or a "formulaic recitation of the elements," so that a court may infer a defendant's liability. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *report and recommendation adopted*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel*, 2023 WL 6338666, at *3 (quoting *Shah v. New York State Dep't of Civ. Serv.*,

168 F.3d 610, 615 (2d Cir. 1999)).  A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established."  *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 WL 2583856, at *7 (E.D.N.Y. Mar. 21, 2023) (quotations and citation omitted).  The Court may also "consider numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt." *Franco v. Ideal Mortg. Bankers, Ltd.*, No. 07-CV-3956 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (cleaned up), *report and recommendation adopted*, 2010 WL 3780984 (E.D.N.Y. Sept. 17, 2010).  As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default, which include "whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *See Enron Oil Corp.*, 10 F.3d at 96; *Franco*, 2010 WL 3780972, at *2 (listing factors).

## III.    Jurisdiction and Venue

The Court "must satisfy itself that it has subject matter and personal jurisdiction before rendering judgment against defendants."  *Dumolo v. Dumolo*, No. 17-CV-7294 (KAM) (CLP), 2019 WL 1367751, at *4 (E.D.N.Y. Mar. 26, 2019); *see Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.").

### A.    Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs" and is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Jurisdiction pursuant to 28 U.S.C. §1332(a) requires complete diversity between all plaintiffs and defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996).  "For purposes of diversity jurisdiction, a corporation is deemed, as relevant here, to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 95-96 (2010).  The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy."  *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

Here, Plaintiffs are Nebraska corporations with their principal places of business in Maryland.  Dkt. No. 1 at ¶ 4.  Defendant Onyema is a citizen of New York, and Defendants DEO and Healthwise are professional corporations with their principal places of business in New York. *Id.* at ¶¶ 5-7.  Further, the Complaint seeks damages in the amount of $456,666.65 plus interest, which is in excess of the minimum threshold of 28 U.S.C. § 1332(a)(1).  Dkt. No. 1 at 5-6.

Accordingly, the undersigned respectfully recommends a finding that the Court has subject matter jurisdiction over Plaintiffs' claims.

### B.    Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant."  *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (citation omitted); *BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2023 WL 8853704, at *5 (E.D.N.Y. Dec. 22, 2023) ("A court may not enter default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process."

(internal quotations and citation omitted)), *report and recommendation adopted* Text Order dated Jan. 9, 2024, *judgment entered* 2024 WL 4648142 (E.D.N.Y. Sept. 30, 2024).  "The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles."  *Perez v. Exquisito Rest. Inc*., No. 23-CV-8707 (OEM) (MMH), 2025 WL 630138, at *3 (E.D.N.Y. Feb. 27, 2025) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012) (subsequent history omitted)).

Here, the Court has personal jurisdiction over Defendants.  First, Plaintiffs properly served the Summons and Complaint on Defendants.  Federal Rule of Civil Procedure 4(e)(1) permits a party to effect service in accordance with the rules of the state where the district is located or where service is made.  Fed. R. Civ. P. 4 (e)(1).  New York state law permits service to be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons . . . to the person to be served at his or her actual place of business" or to the person's last known residence.  N.Y. C.P.L.R. § 308(2).

Plaintiffs properly served Defendants DEO and Healthwise, which are New York corporations, by delivering copies of the summons and Complaint to the New York Secretary of State.[4]  *See* Dkt. No. 1 at ¶¶ 6-7; Dkt. Nos. 11-12; *see also* Fed. R. Civ. P. 4(h)(1)(A); N.Y. C.P.L.R.

---

[4]  In the Complaint, Plaintiffs allege that DEO and Healthwise are "professional corporation[s] with [their] principal place[s] of business in New York."  Dkt. No. 1 ¶ 6-7.  This Court takes judicial notice of the New York State Secretary of State's website, which indicates that DEO and Healthwise are domestic professional service corporations in New York and Kings Counties, respectively.  *See N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search*, https://apps.dos.ny.gov/publicInquiry/ (last visited May 29, 2025).

§ 311-a (a); N.Y. Limit. Liab. Co. L. § 303(a)(1).  New York law permits a party to effect service by delivering the summons and Complaint to the New York Secretary of State as an agent of the company.  N.Y. Limit. Liab. Co. L. § 303(a)(1).  "[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)).  Plaintiffs also properly served Defendant Onyema at his place of residence.  *See* Fed. R. Civ. P. 4(e)(2)(A); *see also* Dkt. No. 10.

Additionally, in the Settlement Agreement, Plaintiffs and Defendants agreed that "[a]ny proceeding to enforce the terms of this Agreement shall be brought in the Supreme Court of the State of New York, County of Nassau or, provided that subject matter jurisdiction exists, the United States District Court for the Eastern District of New York."  Dkt. No. 1-3 at 13.  As it is "well established that 'parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements,'" *see NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006)), the Court additionally maintains personal jurisdiction pursuant to the parties' agreement.  *See Mallory v. Norfolk S. Ry.*, 600 U.S. 122, 138 (2023); *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964) ("parties to a contract may agree in advance to submit to the jurisdiction of a given court[.]").

Accordingly, the undersigned respectfully recommends that the Court find it has personal jurisdiction over Defendants.

### C.    Venue

The Complaint alleges that all Defendants are citizens of New York or are New York Corporations.  Dkt. No. 1 at ¶¶ 5-7.   Because "a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" under 28 U.S.C. § 1391(b)(1), the Complaint establishes that venue is proper.  *See* Dkt. No. 1 at ¶¶ 5-7.

Accordingly, the undersigned respectfully recommends a finding that venue is proper in this District.

## IV.   Procedural Compliance

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules."  *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Allstate Mapping & Layout, LLC*, No. 22-CV-1831 (PKC) (TAM), 2023 WL 1475389, at *1 (E.D.N.Y. Feb. 2, 2023) (quoting *Century Surety Company v. Adweek*, No. 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018)).   "[L]ocal rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."  *Fin. Servs. Vehicle Tr. v. Osmeña*, No. 22-CV-7491 (RPK) (CLP), 2023 WL 7000935, at *2 (E.D.N.Y. Aug. 15, 2023) (internal quotations and citation omitted).

### A.    Entry of Default

The undersigned respectfully recommends a finding that Plaintiffs properly obtained the certificates of default against Defendants.  Defendants were served with summonses on July 30, 2024.  Dkt. No 4.  Plaintiffs have provided affidavits of personal service.  Dkt. Nos. 10-12.  Defendants failed to answer within 21 days of summons and complaint being issued.  Dkt. Nos. 13-15; *see also* Fed. R. Civ. P. 12(a)(1)(A)(i).  Plaintiffs requested certificates of default for each

11

Defendant pursuant to Local Civil Rule 55.1.  Dkt. Nos. 13-15; L. Civ. R. 55.1.  The Clerk of Court entered default against Defendants on September 24, 2024.  Dkt. Nos. 20-22.

Moreover, Defendants' failure to respond to the Complaint here was willful.  Plaintiffs filed proof of service on multiple occasions, indicating that they served the Complaint, summons, requests for certificates of default, the entry of default, and the motion and all corresponding documents on all Defendants.  Dkt. Nos. 10-12, 17-19, 23, 26.  Notwithstanding Plaintiffs' efforts, Defendants did not respond to the Complaint, did not appear, and have not in any way attempted to defend this action, thus constituting willfulness in the context of default judgment.  *See, e.g., Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS) (AKT), 2015 WL 1299259, at *6 (E.D.N.Y. Mar. 23, 2015) ("[the] [d]efendant has not responded to [the] [p]laintiffs' motion for default judgment, has not appeared in this action, and has not communicated with the Court in any way.  Accordingly, [the] [d]efendant's failure to answer the Complaint and to respond to the instant motion is sufficient to establish willfulness.").

Accordingly, the undersigned respectfully recommend the Court find that the Clerk of the Court appropriately entered certificates of default against Defendants.

**B.    Local Civil Rule 7.1**[5]

Local Civil Rule 7.1 requires that a plaintiff attach to a motion for default (1) a notice of motion specifying the applicable rules or statutes pursuant to which the motion is brought; (2) a memorandum of law setting forth the cases and other authorities relied upon in support of the

---

[5]  The Local Rules of the United States District Court for the Southern and Eastern Districts of New York were updated on January 2, 2025.  As set forth in Local Civil Rule 1.1, "[t]hese Local Civil Rules take effect on January 2, 2025 (the 'Effective Date') and govern actions pending or filed on or after that date."  For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern.  Thus, given the timing of the filing of the motion for default judgment on November 19, 2024, the prior Local Rules—updated on July 1, 2024—are applicable here.

motion; and (3) supporting affidavits and exhibits containing any factual information and portions of the record necessary for the decision of the motion. *See* L. Civ. R. 7.1. Plaintiffs complied with the procedural requirement set forth in Local Civil Rule 7.1 by filing a notice of motion (Dkt. No. 25), a memorandum of law (Dkt. No. 25-10), and affidavits and exhibits (Dkt. Nos. 25-2-9) in support of the motion.

### C.    Local Civil Rule 55.2

Local Civil Rule 55.2(b) requires that a plaintiff attach to a motion for default judgment the Clerk's certificate of default, a copy of the Complaint, and a proposed form of default judgment. L. Civ. R. 55.2(b). Local Civil Rule 55.2(c) also requires that all papers submitted in connection with a motion for a default judgment be mailed to the "last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." L. Civ. R. 55.2(b)-(c).

Per Local Civil Rule 55.2(b), Plaintiffs have attached to their motion for default judgment the Clerk's certificates of default, a copy of the Complaint, and a proposed form of default judgment. Dkt. Nos. 25-9, 25-8. Per Local Civil Rule 55.2(c), Plaintiffs have mailed all papers submitted in connection with the motion for a default judgment to the "last known business address" of Defendants. Dkt. No. 26.

Accordingly, the Court respectfully recommends that Plaintiffs be found to have satisfied the jurisdictional requirements to proceed with its motion under Local Civil Rules 7.1 and 55.2.

### D.    Compliance with the Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act ("SCRA") requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931; *see also*

*Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *report and recommendation adopted*, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered."  *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012).

Here, Plaintiffs have complied with this requirement and submitted confirmation that Defendant Onyema—the sole individual Defendant—is not, nor has been reported, in active duty at any point since this suit was commenced.  *See* Dkt. No. 25-7.

Accordingly, the Court respectfully recommends that Plaintiffs be found to have satisfied the jurisdictional requirements to proceed with their motion.

## V.    Liability

### A.    Choice of Law

Before the Court assesses liability, it must determine what law should be applied to Plaintiffs' claims.  As noted above, this case is predicated upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  The United States Court of Appeals for the Second Circuit has held that a federal court sitting in diversity applies the choice-of-law rules of the state in which it sits.  *See Maryland Cas. Co. v. Cont'l Cas. Co.*, 332 F.3d 145, 151 (2d Cir. 2003) ("A federal court sitting in diversity applies the choice-of-law rules of the forum state.") (citation omitted); *see also D'Amato v. Five Star Reporting, Inc.*, 80 F.Supp.3d 395, 407 (E.D.N.Y. 2015) ("As an initial matter, the Court must determine what law should be applied to the [p]laintiff's common law breach of contract and equitable claim[ ] for unjust enrichment[.]").

14

"For contract claims, New York applies a 'grouping of contacts' or 'center of gravity' approach" to determine whether to apply New York substantive law. *Star Ins. Co. v. Champion Constr. Servs. Corp.*, No. 13-CV-3635 (ARR) (RML), 2014 WL 4065093, at *2 (E.D.N.Y. July 30, 2014) (citations omitted), *report and recommendation adopted*, 2014 WL 4065094 (E.D.N.Y. Aug. 15, 2014). In making this determination,

> the [C]ourt should consider "(1) any choice-of-law provision contained in the contract; (2) the place where the contract was negotiated, issued, and signed; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties."

*Id.* (quoting *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 162 (2d Cir. 1998)); *see also Cartagena v. Homeland Ins. Co. of New York*, No. 19-CV-6287 (CM), 2019 WL 6878243, at *4 (S.D.N.Y. Dec. 16, 2019).

Here, the factors favor application of New York law. Defendants are residents and corporations of New York and were involved in the disposition of Plaintiffs' claims in the Prior Action, which allegedly occurred in New York. *See* Dkt. No. 1 at ¶¶ 5-7, 10-11. Plaintiffs allege that Defendants are liable for breach of contract when they failed to abide by the terms of the Settlement Agreement executed in the Prior Action. *Id.* at ¶¶ 1, 8, 17-19. That Settlement Agreement, which was notarized in New York, contained a choice of law provision applicable to the instant suit, requiring that "[a]ll questions concerning the construction, validity, interpretation, or performance of [the Settlement Agreement] shall be governed by New York law, without giving effect to that state's principles regarding conflict of laws." Dkt. No. 25-2 at 11. As a result, New York law governs liability under the breach of contract claim. *See BASF Corp. v. Original Fender Mender, Inc.*, No. 23-CV-2796 (HG) (JAM), 2024 WL 3740439, at *6 (E.D.N.Y. Aug. 10, 2024) ("Where [] a contract contains a choice of law provision, 'New York courts will generally honor'

15

that provision." (quoting *Scharnikow v. Siracuse*, No. 15-CV-6991 (DRH) (SIL), 2016 WL 7480360, at *3 (E.D.N.Y. Dec. 6, 2016))); *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-CV-2696 (ILG), 2017 WL 2912452, at *2 (E.D.N.Y. July 6, 2017) ("'New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction.'" (quoting *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000))).

Accordingly, the undersigned respectfully recommends that Plaintiffs' breach of contract claim be evaluated under New York law.

### B.    Breach of Contract

To state a breach of contract claim under New York law, a plaintiff must allege: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.  *Liberty Mut. Ins. Co. v. Palace Car Servs. Corp.,* No. 06-CV-4881 (FB) (CLP), 2007 WL 2287902, at *1 (E.D.N.Y. Aug. 8, 2007) (citing *Terwilliger v. Terwilliger,* 206 F.3d 240, 245-46 (2d Cir. 2000)); *see also Diesel Props S.r.l. v. Greystone Bus. Credit II LLC,* 631 F.3d 42, 52 (2d Cir. 2011); *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015); *accord AKF, Inc. v. W. Foot & Ankle Ctr.*, 632 F. Supp. 3d 66, 74 (E.D.N.Y. 2022).

In a default judgment action, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability[.]" *Greyhound Exhibitgroup*, 973 F.2d at 158; *City Of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" (internal quotations marks omitted)).  Furthermore, the Court is

"required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Here, Plaintiffs have adequately alleged each element of liability. First, Plaintiffs have demonstrated the existence of a contract between themselves and Defendants, exhibited by the signed Settlement Agreement by all parties. Dkt. No. 1-3; Dkt. No. 25-2. Second, Plaintiffs have shown performance of their obligations under the Settlement Agreement, as the allegations in the Prior Action have been dismissed. *See* Dkt. No. 1 at ¶ 12; Dkt. No. 25-1 at ¶ 12; No. 21-CV-5717, Dkt. No. 57 (dismissing Defendants in Prior Action). Plaintiffs have further satisfied the third and fourth elements for the cause of action: they allege Defendants have failed to make payments since September of 2023 in breach of the Settlement Agreement, despite being given written notice to cure; and they have incurred damages in the form of the outstanding settlement payments as a result of the breach. Dkt. No. 1 at ¶¶ 14-16; Dkt. No. 25-1 at 4-7; Dkt. No. 25-5 at 2-3 (showing Defendants' June 2023 and August 2023 payments).

Plaintiffs' allegations, accepted as true, are sufficient to establish that Defendants are liable for breach of contract for the purposes of entry of default judgment. *See Ajna Living, LLC v. Digital Accessories TCM Ltd.*, No. 22-CV-3127 (PKC), 2023 WL 3255466, at *3 (S.D.N.Y. May 4, 2023) (finding defendants liable for breach of contract for entry of default judgment under similar circumstances); *BASF Corp. v. Prime Auto Collision Inc.*, No. 20-CV-4797 (NGG) (RLM), 2022 WL 704127, at *5 (E.D.N.Y. Mar. 9, 2022); *Abularach v. High Wing Aviation LLC*, No. 22-CV-1266 (MKB) (RML), 2022 WL 18558800, at *2 (E.D.N.Y. Dec. 19, 2022) (finding allegations in complaint sufficient to establish liability for breach of contract on default judgment motion), *report and recommendation adopted*, 2023 WL 1766282 (E.D.N.Y. Feb. 3, 2023); *Lemus v. Manhattan Car Wash, Inc.*, No. 06-CV-15486 (MHD), 2010 WL 5094412, at *2 (S.D.N.Y. Dec.

9, 2010) (entering default judgment against the defendants that breached the terms of a settlement agreement); *Constellation Newenergy, Inc. v. Om Vegetable, Inc.*, No. 22-CV-03766 (LJL), 2022 WL 3334707, at *3 (S.D.N.Y. Aug. 12, 2022) (imposing liability on defaulting defendants for breach of contract).

Accordingly, the undersigned respectfully recommends that Defendants be found to be in breach of their obligations under the Settlement Agreement from the Prior Action.

## VI.    **Damages**[6]

### A.    **Legal Standard**

"Once liability has been established, a plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty." *Paypolitan OU v. Marchesoni*, No. 21-CV-5397 (RA) (RWL), 2022 WL 17541091, at *4 (S.D.N.Y. Aug. 26, 2022) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Division Of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)), *report and recommendation adopted*, 2022 WL 17541749 (S.D.N.Y. Dec. 6, 2022). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "Rather, the Court must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up).

---

[6] Plaintiffs did not submit a request for attorneys' fees in their motion or proposed judgment (*see* Dkt. Nos. 25-8, 25-10), despite requesting "reasonable attorneys' fees" in the Complaint. Dkt. No. 1 at ¶¶ 3, 13, 19; *id.* at 6). In light of Plaintiffs' statement that they are "not seeking to recover [reasonable attorneys' fees, costs, and disbursements]," *see* Dkt. No. 25-10 at 8 n.1, the Court finds that Plaintiffs have abandoned their request for attorneys' fees. *See BASF Corp.*, 2024 WL 3740439, at *11 (collecting cases).

Under Federal Rule of Civil Procedure 54(c), "'[a] default judgment must not differ in kind from, or exceed the amount, what is demanded in the pleadings.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 n.16 (2d Cir. 2011) (quoting Fed. R. Civ. P. 54(c)); *see also Trustees of Metal Polishers Loc. 8aA-28A Funds v. Nu Look Inc.*, No. 18-CV-3816 (PKC) (RLM), 2020 WL 6370146, at *3 (E.D.N.Y. Feb. 14, 2020) ("The Rule limits a plaintiff's default judgment recovery to the relief sought in the complaint, and 'ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer.'" (quoting *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007))), *report and recommendation adopted*, 2020 WL 5793204 (E.D.N.Y. Sept. 29, 2020). Unless the number of damages is certain, a court entering default judgment is required to make an independent determination of the sum it awards. Fed. R Civ. P. 55.

Once liability is established, "the court must ascertain damages with 'reasonable certainty.'" *CIT Bank N.A. v. Elliott*, No. 15-CV-4395 (JS) (ARL), 2019 WL 4439347, at *2 (E.D.N.Y. Sept. 17, 2019) (citation omitted). "An evidentiary hearing is not required so long as there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded." *Id.* (citation omitted); *Wilmington Sav. Fund Soc'y, FSB ex rel. Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) ("The court may determine damages without an in-person hearing based on the plaintiff's affidavits so long as it can ensure a basis for the damages specified in the default judgment."). "The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested." *CIT Bank N.A.*, 2019 WL 4439347, at *2 (cleaned up).

Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill*

*Lynch & Co. Inc. v. Allegheny Energy, Inc.,* 500 F.3d 171, 185 (2d Cir. 2007). A plaintiff may submit documentary evidence or detailed affidavits to support its damages claim. *Chen*, 2023 WL 2583856, at *14.

### B.    Claimed Damages

As Defendants' liability has been established with respect to Plaintiffs' breach of contract claim, the Court turns to evaluate damages. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158. "Rather, the Court must be satisfied that [the plaintiff] has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19-CV-4475 (PKC) (SJB), 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (cleaned up).

Here, Plaintiffs assert that they are entitled to damages in the amount of $456,666.65. Dkt. No. 25-10; Dkt. No. 1 at 6. In support of the request, Plaintiffs attach copies of two Installment Payments made by Defendants. The payments total $43,333.35: a payment made on June 21, 2023 for $22,222.24; and a second payment made on August 31, 2023, for $21,111.11. Dkt. No. 25-5. Plaintiffs represent that Defendants have failed to make any further payments under the Settlement Agreement. Dkt. No. 1 at ¶ 14; Dkt. No. 25-1 at 5; Dkt. No. 25-10 at 13. Thus, Plaintiffs claim damages for $500,000.00 minus the amount of the completed Installment Payments as provided for under Section 2.B.ii of the Settlement Agreement and the accompanying affidavits of confession of judgment, for a total of $456,666.65. *See* Dkt. No. 1-3 at 5; Dkt. No. 25-3 at 3; Dkt. No. 25-4 at 3.

Upon review of the documents filed in support of Plaintiffs' claimed damages, the undersigned confirms that the $500,000.00 judgment under the Settlement Agreement offset by

the June 2023 and August 2023 Installment Payments equals the amount requested by Plaintiffs. The undersigned thus recommends an award of $456,666.65 to Plaintiffs for the damages incurred as a result of Defendants' breach of the Settlement Agreement.  *See Cont'l Cas. Co. v. Contest Promotions NY, LLC,* No. 15-CV-501 (MKB) (PK), 2016 WL 1255726, at *6 (E.D.N.Y. Mar. 28, 2016) (awarding damages for breach of contract based off the plaintiff's submissions); *La Saltena S.A.U. v. Ercomar Imports Internacional Corp.*, No. 21-CV-4675 (KAM) (LB), 2024 WL 2319622, at *8 (E.D.N.Y. May 22, 2024) (same); *see also Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM) (RER), 2021 WL 2401176, at *3 (E.D.N.Y. June 11, 2021) (awarding damages on the plaintiff's submission without hearing and stating "[a]n inquest on damages by affidavit, without an in-person hearing, may be conducted as long as the court can ensure a basis for the damages specified in the default judgment" (quotations and citations omitted)).

### C.    Pre-judgment Interest

Plaintiffs also requests pre-judgment interest on the award of monetary damages for the breach of contract claim.  *See* Dkt. No. 1 at 6; Dkt. No. 25-8 at 3; Dkt. No. 25-10 at 13-14.  "Under New York law, if a plaintiff prevails on a claim for breach of contract, that plaintiff is also entitled to pre-judgment interest."  *BASF Corp. v. Gabriel's Collision Norman Ave., Inc*., No. 21-CV-1908 (ENV) (RER), 2022 WL 1407244, at *3 (E.D.N.Y. Jan. 12, 2022) (awarding pre-judgment interest where the plaintiff prevailed on its breach of contract claim).  The statutory rate for pre-judgment interest is nine percent per annum under the New York Law.  *See* N.Y. C.P.L.R. § 5004; *see also Arch Specialty Ins. Co. v. B & V Constr. Inc.*, No. 23-CV-2429 (NGG) (LGD), 2024 WL 1739862, at *7 (E.D.N.Y. Apr. 23, 2024).  The Court should calculate pre-judgment interest "from the earliest ascertainable date the cause of action existed . . . to the date the verdict was rendered or the report or decision was made."  N.Y. C.P.L.R. §§ 5001(b)-(c), 5004.  Nevertheless, courts have

"wide discretion in determining a reasonable date from which to award pre-judgment interest[.]" *Eco-Fuels LLC v. Sarker*, No. 22-CV-250 (KAM) (JAM), 2024 WL 779038, at *9 (E.D.N.Y. Feb. 26, 2024) (quoting *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994)).

Here, and because Plaintiffs seeks monetary damages rather than equitable relief, pre-judgment interest is appropriate at a rate of nine percent per annum. *See* N.Y. C.P.L.R. § 5004. Plaintiffs represent that they delivered Defendants with written notice of their default on February 21, 2024. *See* Dkt. No. 1 at ¶ 15; *see also* Dkt. No. 1-4 at 2-5 (exhibiting copy of the written notice). Under Section 2.B of the Settlement Agreement, Defendants were required to cure their default by March 6, 2024—which is ten business days after Plaintiffs provided written notice of the default. To date, however, Defendants have not completed any additional payments. Accordingly, Plaintiffs' cause of action for breach of the Settlement Agreement accrued on March 7, 2024. *See* Dkt. No. 27.

Therefore, March 7, 2024 is a reasonable date to begin calculating pre-judgment interest for Plaintiffs' breach of contract. *See BASF Corp.*, 2022 WL 1407244, at *3 (recommending that pre-judgment interest should be calculated from December 31, 2019, where complaint alleged that defendant breached the agreement "in December 2019").

Accordingly, this Court respectfully recommends that pre-judgment interest be awarded to Plaintiffs at $112.60[7] *per diem* from March 7, 2024 through the date of entry of final judgment for Plaintiffs' claim for breach of contract.

### D.    Post-judgment Interest

Plaintiffs are entitled to post-judgment interest under 28 U.S.C. § 1961(a). The Second Circuit has consistently held that post-judgment interest, as governed by federal statute, is

---

[7] (456,666.65 x .09)/365 = 112.60.

mandatory. *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008); *see Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011) ("The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered."), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011).

Under the statute, interest is calculated "from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." *Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 (E.D.N.Y. 2019) (quoting 28 U.S.C. § 1961(a)).

Therefore, this Court respectfully recommends that Plaintiffs be awarded post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015).

### E.    Joint and Several Liability

Finally, Plaintiffs request that Defendants be held jointly and severally liable for Plaintiffs' damages as a result of the breach of the Settlement Agreement. Dkt. No. 25-10 at 14-15. The Court agrees.

Here, the parties explicitly contracted to joint and several liability under the Settlement Agreement and the signed affidavits of confession of judgment should Defendants default on Installment Payments. *See* Dkt. No. 1-3 at 5; Dkt. No. 25-3 at 3; 25-4 at 3; *see also Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017, 1019 (2d Cir. 1985) ("As a general matter, the objective of contract interpretation is to give effect to the expressed intentions of the parties").

Furthermore, "when two [] or more defendants act together to cause an injury," as alleged in the Prior Action giving rise to the Settlement Agreement (Dkt. No. 1 at ¶ 11), then "each defendant is liable to the victim for the total damages." *See Eco-Fuels LLC v. Sarker*, No. 22-CV-250 (KAM) (JAM), 2024 WL 779038, at *7 (E.D.N.Y. Feb. 26, 2024).  The undersigned thus respectfully recommends that Defendants be held jointly and severally liable for the damages Plaintiffs incurred as a result of the breach of the Settlement Agreement.  *See, e.g.*, *id.* at *7 (holding the defendants jointly and severally liable for the breach of contract giving rise to the entry of default judgment); *Daimlerchrysler Fin. Servs. Americas LLC v. Kennedy*, No. 06-CV-0155 (LEK) (DRH), 2006 WL 8452392, at *1 (N.D.N.Y. May 31, 2006) ("The matter currently at bar, involving breach of contract and guarantees, and payment of indebtedness, appears to concern matters of joint and several liability").

**VII.**  **Conclusion**

In sum, the undersigned finds that Plaintiffs sufficiently allege Defendants' breach of contract under New York law, and respectfully recommends that default judgment be entered in favor of Plaintiffs against Defendants, to be held jointly and severally liable, for $456,666.65 in damages, plus pre-judgment and post-judgment interest.  A copy of this Report and Recommendation is being electronically served on counsel.  This Court directs Plaintiffs' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by June 20, 2025.

Copies shall be served at the following addresses:

Dominic Emeka Onyema, M.D.
228 Bushwick Avenue
Brooklyn, NY 11206

Dominic Emeka Onyema, M.D.
401 East 34th Street

Apt. S34C
New York, NY 10016

DEO Medical Services, P.C.
227A 105th Street
New York, NY 10029
Healthwise Medical Associates, P.C.
2 Lincoln Avenue
Suite 302
Rockville Centre, NY 11570

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Chen.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:        Brooklyn, New York
              June 19, 2025                        **SO ORDERED.**

                                                     */s/ Joseph A. Marutollo*
                                                   JOSEPH A. MARUTOLLO
                                                   United States Magistrate Judge