UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY
COMPANY, GEICO GENERAL
INSURANCE COMPANY, and GEICO
CASUALTY COMPANY,

**MEMORANDUM & ORDER**
24-CV-5287 (PKC) (JAM)

Plaintiffs,

- against -

DOMINIC EMEKA ONYEMA, M.D., DEO
MEDICAL SERVICES, P.C., and
HEALTHWISE MEDICAL ASSOCIATES,
P.C.,

Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiffs Government Employees Insurance Company ("GEICO"), GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "Plaintiffs") brought this action against Defendants Dominic Emeka Onyema, M.D. ("Onyema"), DEO Medical Services, P.C. ("DEO"), and Healthwise Medical Associates, P.C. ("Healthwise") (collectively, "Defendants") on July 29, 2024, alleging breach of a settlement agreement entered into by the parties to resolve a previous, fraud-related lawsuit (the "Settlement Agreement"). (Compl., Dkt. 1.) Now pending before this Court are Plaintiffs' motion for default judgment against Defendants, (Mot. Default J., Dkt. 25), and the June 19, 2025 Report and Recommendation[1] ("R. & R.") of the Honorable Joseph A. Marutollo, United States Magistrate

---

[1] Judge Marutollo first issued a Report and Recommendation on May 29, 2025, (Dkt. 28), and then *sua sponte* issued the amended R. & R. on June 19, 2025, (R. & R., Dkt. 30). As the R. & R. superseded the original Report and Recommendation, (*id.* at 1 n.1), the Court here addresses only the R. & R.

Judge, (R. & R., Dkt. 30), which recommends that this Court grant Plaintiffs' motion for default judgment against Defendants and award Plaintiffs a total of $456,666.65 plus pre- and post-judgment interest. For the reasons stated below, this Court adopts the recommendations of Judge Marutollo's thorough R. & R. in full.

## BACKGROUND

The facts are more fully set forth in Judge Marutollo's R. & R. (R. & R., Dkt. 30, at 2–5.)[2] As relevant here, in October 2021, Plaintiffs sued Defendants for "an insurance fraud scheme in which [Defendants] used DEO and Healthwise to unlawfully bill Plaintiffs and other New York automobile insurers, seeking payment of no-fault benefits for medically unnecessary, illusory, and otherwise non-reimbursable healthcare services." (Compl., Dkt. 1, ¶ 11); *see Gov't Emps. Ins. Co. v. Onyema*, No. 21-CV-5717 (FB) (VMS) (E.D.N.Y filed Oct. 13, 2021). "Plaintiffs asserted claims against the Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ('RICO'), common law fraud, and unjust enrichment, and sought money damages against them in excess of $590,000.00." (Compl., Dkt. 1, ¶ 11.) On April 27, 2023, the parties entered into the Settlement Agreement, whereby Defendants agreed to "jointly and severally pay [Plaintiffs] the sum of $325,000.00 divided into a series of payments" as detailed in the Settlement Agreement. (*Id.* ¶ 12; Settlement Agreement, Dkt. 1-3, ¶ 2.A(ii).)

Defendants made the initial payment followed by two installment payments, as stipulated in the Settlement Agreement. (Compl., Dkt. 1, ¶ 14.) However, Defendants failed to make any subsequent installment payments, allegedly in breach of the Settlement Agreement. (*Id.*) On

---

[2] For the purposes of Plaintiffs' default motion, the Court "accept[s] as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (first citing Fed. R. Civ. P. 8(b)(6); and then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

February 21, 2024, Plaintiffs notified Defendants of their breach pursuant to the terms of the Settlement Agreement "and demanded that the default be cured per the agreement." (*Id.* ¶ 15; Demand, Dkt. 1-4.) Defendants purportedly failed to cure the breach. (Compl., Dkt. 1, ¶ 15.) These liquidated damages entail "$500,000.00, less any amounts paid through the date of the Payment Default." (Decl. Supp. Mot. Default J. ("Decl."), Dkt. 25-1, ¶ 14 (quoting Settlement Agreement, Dkt. 1-3, ¶ 2.B(ii)).) Later provisions in the Settlement Agreement make clear that the "amounts paid" that are to be subtracted from the liquidated damages total are only the installment payments. (*See* Decl., Dkt. 25-1, ¶ 16 (quoting Settlement Agreement, Dkt. 1-3, ¶ 6).)

To recover these alleged damages, Plaintiffs filed their breach of contract claim against Defendants on July 29, 2024. (Compl., Dkt. 1.) They served Defendant Onyema at his place of residence, (Dkt. 10), and served the other two Defendants through the New York Secretary of State, (Dkts. 11, 12). All three Defendants failed to appear, and all three failed to respond by their respective answer deadlines. On September 18, 2024, Plaintiffs filed requests for certificates of default against all three Defendants, (Dkts. 13–15), which Plaintiffs served on Defendants, (Dkts. 17–19). On September 24, 2024, the Clerk of Court issued default certificates for all three Defendants. (Dkts. 20–22.) On November 19, 2024, as directed by the Court, (9/25/2024 Scheduling Order), Plaintiffs moved for default judgment, (Mot. Default J., Dkt. 25.) On November 20, 2024, the Court referred Plaintiffs' motion to Judge Marutollo. (11/20/2024 Dkt. Order.)

On June 19, 2025, Judge Marutollo issued the R. & R., in which he recommended that default judgment be entered against Defendants and that Plaintiffs be awarded the requested liquidated damages. (R. & R., Dkt. 30.) Judge Marutollo also recommended Plaintiffs be awarded the requested pre- and post-judgment interest. (*Id.*) Plaintiffs served the R. & R. upon Defendants

3

on June 20, 2025. (Dkt. 31.) Defendants have failed to file any objections to the R. & R. within the 14 days prescribed by statute. *See* Fed. R. Civ. P. 72(b)(2).

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to a magistrate judge's findings and recommendations, the district court reviews these, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))). "The district court need not . . . specifically articulate its reasons . . . for adopting a magistrate judge's report and recommendation in its entirety." *Morris*

*v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

## DISCUSSION

The Court has reviewed Judge Marutollo's R. & R. for clear error and finds none. Accordingly, the Court adopts Judge Marutollo's R. & R. in its entirety for the reasons stated therein. Plaintiffs' motion for default judgment is granted. As set forth in the R. & R., Plaintiffs are awarded:

- $456,666.65 in liquidated damages, for which Defendants are jointly and severally liable;
- Pre-judgment interest in the amount of $112.60 per day between March 7, 2024, and the day judgment is entered; and

4

- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961.

(R. & R., Dkt. 30, at 22–24.)  Should Defendants seek to appear in this action, they may wish to move for this default judgment to be set aside as set forth in Federal Rule of Civil Procedure 55(c).

## CONCLUSION

For the reasons explained above, this Court adopts the R. & R. in its entirety.  The Court grants Plaintiffs default judgment and finds Defendants jointly and severally liable for $456,666.65 in damages, plus pre-judgment and post-judgment interest.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 9, 2025
       Brooklyn, New York

5